Dear Mr. Theriot:
You requested the opinion of this office concerning a $65,000 surplus in the Clerk of Court's Advance Deposit Account. You advised that this surplus has existed for a number of years and you and the previous two clerks have attempted to determine the source of these funds, to no avail. Your question is whether you may keep the money and transfer it into the Clerk's Salary Fund or whether the funds should be transferred to the Department of Revenue.
First, note that LSA-R.S. 13:781 and LSA-R.S. 13:842
provide, respectively:
 § 781. Clerk's salary fund.
 A. Except as provided in R.S. 13:783(C), the clerk of the district court shall collect all fees and charges due his office and deposit them in a fund known as the Clerk's Salary Fund. The clerk shall keep an accurate set of books in connection with this fund showing all receipts of his office, including notarial fees, and all expenditures. On or before the tenth of October each year, he shall render a statement from the books for the fiscal year beginning July first and ending June thirtieth to the police jury of the parish.
 B. A clerk who fails to comply with this Section shall forfeit to the parish fifty percent of the compensation received by him under R.S. 13:782.
 * * *
 § 842. Advanced costs
 A. The clerks of the district courts shall demand and receive from the plaintiff or plaintiffs in each ordinary suit, whether accompanied by conservatory writs or not, not less than twenty dollars or such other amount as may be fixed by law for advanced costs, to be disbursed to the clerk's salary fund or to others as their fees accrue. Whenever the costs have exhausted the amount of the original advance deposit, the clerk may refuse to perform any further function in the proceeding until the additional costs for the function have been paid, in accordance with the fees set forth in R.S. 13:841 or, in Orleans Parish, in R.S. 13:1213.
 B. After an ordinary suit has been filed, if a period of five years elapses without any pleadings being filed and the suit has been completely inactive during this five-year period, the clerk shall refund any unused balance remaining in the Clerk's Advance Deposit Fund (to the credit of this particular suit) to the person who made the original deposit, after paying all fees or other charges of record in the suit. Probate matters are specifically excepted from the provisions of this Subsection B.
It is legally permissible to transfer from your advance account to the clerk's salary fund those fees which have been earned by the clerk under LSA-R.S. 13:781. In accord are Attorney General Opinions 96-167, 93-273, 87-836, and 1942-44, p. 172.
However, should it be determined that the monies are in fact abandoned, note that the provisions of the Louisiana Uniform Unclaimed Property Act would govern. LSA-R.S. 9:154 provides:
 A. Property is presumed abandoned if it is unclaimed by the apparent owner during the time set forth below for the particular property for the following:
 * * *
 (10) Property held by a court, state or other government, governmental subdivision or agency, public corporation, or other public authority, one year after the property becomes distributable, except as provided in R.S. 15:86.1.
It is therefore incumbent on you as Clerk and your accountant to determine what the true nature of the funds are, in order to resolve the inquiry. If the funds are determined to be abandoned, said funds should be forwarded to the State Treasury in accordance with the procedures set forth in the Louisiana Uniform Unclaimed Property Act.
Trusting this adequately responds to your request, we remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: MARTHA S. HESS
Assistant Attorney General
RPI/MSH